09-16247

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **June 11, 2009** | Docket #: | |
| Debtor: | **Dana Marie Fessenden** | Co-Debtor: | |
| SS#: | **xxx-xx-9743** | SS#: | |
| Address: | **255 Lowell St.**<br>**Waltham, MA 02453** | Address: | |
| Debtor's Counsel: | **William P. Brearley esq.** | | |
| Address: | **197A Union St.**<br>**South Natick, MA 01760** | | |
| Telephone #: | **(617)224-6122** | | |
| Facsimile #: | **(781)326-8222** | | |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**OFFICIAL FORM 3**  
**PRE-CONFIRMATION CHAPTER 13 PLAN**

09-16247

CHAPTER 13 PLAN

Docket No.: _____

DEBTORS:  (H) **Dana Marie Fessenden**      SS# **xxx-xx-9743**

(W) _____      SS# _____

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **55.00** for the term of:

☒ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

☐ ____ Months. The Debtor states as reasons therefore:

_____

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of secured claims to be paid through the Plan  $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **WaMu** | **First Mortgage (255 Lowell St. Waltham, MA 02453)** |

09-16247

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| TD Bank | The second mortgage on Debtors primary residence held by TD Bank, its successors and or assigns, is wholly unsecured based on the value of the collateral on the date of filing. Creditor will have an "unsecured" claim to be treated as such with other creditors of this class. Upon confirmation, and completion of debtors proposed plan, said Creditor, its successors and or assigns will undertake to release the security instrument on collateral at the appropriate registry of deeds. | Claim to be treated "General Unsecured", to receive a pro-rata distribution with other creditors of this class. |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **Toyota Motor Credit**.

    iii. The arrears under the lease to be paid under the plan are **0.00**.

III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | $ | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | $ | |

Total of Priority Claims to Be Paid Through the Plan $ **0.00**

IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS  09-16247

The general unsecured creditors shall receive a dividend of __1__% of their claims.

A. General unsecured claims: $ **69,991.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **TD Bank** | **Second Mortgage** | $ **113,802.00** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C): $ **183,793.00**

D. Multiply total by percentage: $ **1,782.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____% $ **0.00**

VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:
        **Special Intentions:**
        **Direct Federal Credit Union: Debtor is surrendering the Property located at 114-116 Winthrop St., Framingham, Middlesex County Massachusetts to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

        **National City Mortgage Co.: Debtor is surrendering the Property located at 114-116 Winthrop St., Framingham, Middlesex County Massachusetts to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

VII. CALCULATION OF PLAN PAYMENT

09-16247

| | | |
|---|---|---:|
| a) | Secured claims (Section II-A&D Total): | $ 0.00 |
| b) | Priority claims (Section III-A&B Total): | $ 0.00 |
| c) | Administrative claims (Section IV-A&B Total): | $ 0.00 |
| d) | Regular unsecured claims (Section V-D Total): | $ 1,782.00 |
| e) | Separately classified unsecured claims: | $ 0.00 |
| f) | Total of a + b + c + d + e above: | =$ 1,782.00 |
| g) | Divide (f) by .90 for total including Trustee's fee: Cost of Plan= | $ 1,980.00 |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,                                    **36** months
i. Round up to nearest dollar for Monthly Plan Payment:        $            **55.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---:|---:|
| **255 Lowell St., Waltham MA. 02453 2 Family Residence** | $ 465,000.00 | $ 616,252.00 |
| **114-116 Winthrop St. Framingham, MA 01702 Three Family** | $ 250,000.00 | $ 506,700.00 |

Total Net Equity for Real Property:     $        0.00
Less Exemptions (Schedule C):            $        0.00
Available Chapter 7:                             $        0.00

B. Automobile (Describe year, make and model):

**2007 Toyota Camry LE**     Value $      **LEASE**  Lien $ _____     Exemption $       0.00

Total Net Equity:                              $ **0.00**
Less Total Exemptions (Schedule C):  $ **0.00**
Available Chapter 7:                         $  0.00

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

09-16247

**750.00**
**Bank of America**
**Checking Acct. # 0000 7395 9412**
**Regular Savings**
**Bank of America**
**Acct # 0001 7395 9412**
**Miscellaneous Dining Room Furniture**
**Sony Television**
**Living room set (sofa & loveseat)**
**Misc.**
**Misc. Wearing apparel**
**1 Camcorder**
**1 Digital Camera**

Total Net Value: $ **5,665.00**
Less Total Exemptions (Schedule C): $ **5,665.00**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $   **0.00**

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ William P. Brearley esq.**                                 **June 11, 2009**
**William P. Brearley esq.**                                        Date
Debtor's Attorney
Attorney's Address:  **197A Union St.**
**South Natick, MA 01760**
Tel. #:  **(617)224-6122 Fax:(781)326-8222**
Email Address:  **williambrearley1@verizon.net**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


Date  **June 11, 2009**                            Signature  **/s/ Dana Marie Fessenden**
                                                              **Dana Marie Fessenden**
                                                              Debtor